# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60584
Summary Calendar

United States Court of Appeals
Fif h Circuit
**FILED**
April 12, 2017
Lyle W. Cayce
Clerk

JULIO NICOLAS-BRANDI,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 164 322

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Julio Nicolas-Brandi, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his application requesting asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Nicolas-Brandi argues that the BIA erroneously denied his application for asylum even though he established that he was persecuted because of, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had a well-founded fear of future persecution based upon, his membership in a particular social group, i.e., a Gypsy family.

Because the BIA agreed with the IJ's determinations regarding Nicolas-Brandi's eligibility for relief, both the BIA's and IJ's decisions are reviewable. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under the substantial evidence standard, Nicolas-Brandi must demonstrate that the evidence is so compelling that no reasonable factfinder could reach a conclusion contrary to that of the BIA. *Id.* at 537.

Substantial evidence supports the BIA's conclusion that Nicolas-Brandi failed to establish that he was persecuted, or has a well-founded fear of future harm, because of his membership in a particular social group. *See Wang*, 569 F.3d at 537. The record especially does not compel the conclusion that a central reason that Nicolas-Brandi and his family were or would be targeted was their Gypsy background or family identity. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009); *Wang*, 569 F.3d at 537. Rather, Nicolas-Brandi and his family were targeted because the Zetas sought to enrich themselves, and the family was perceived to have the wealth and the willingness to pay ransoms to secure the safety of their family members; Nicolas-Brandi's family membership and Roma background – which had characteristics that tangentially advanced the Zetas' aim of financial gain through extortion – were incidental to the principal motivation of the Zetas. We have reasoned that economic extortion and actions based on a criminal motive or a desire for money do not constitute persecution on account of a protected ground. *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2004); *Shaikh*, 588 F.3d at 864. Under the circumstances, we need not consider whether Nicolas-Brandi or his family were persecuted by the Mexican government or an entity that the government is unable or unwilling to control or whether the Department of Homeland Security rebutted any presumption

No. 15-60584

of past persecution by showing that Nicolas-Brandi reasonably could relocate within Mexico without being persecuted. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006); *Eduard v. Ashcroft*, 379 F.3d 182, 194 (5th Cir. 2004).

Nicolas-Brandi also argues that the BIA erred in denying his claim for relief under CAT. However, he did not raise this argument in his appeal to the BIA and, therefore, he failed to exhaust his administrative remedies as to the claim. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Accordingly, we lack jurisdiction to consider the issue. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009). Nicolas-Brandi has not briefed any argument as to the denial of withholding of removal and thereby has waived any related claim. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

PETITION DENIED IN PART AND DISMISSED IN PART.